## Schiavo v. Conahan

*Pasco L. Schiavo* and *Kenneth R. Bayless*, for plaintiff.

*J. J. McCluskey*, for defendants.

PINOLA, P. J., June 27, 1963.—Plaintiff, Louis Schiavo of Hazleton, brought this action of mandamus against the mayor, the members of city council, and Fred M. Tito, who claims the office of member of the Housing Authority Board to which plaintiff had been appointed.

Proceeding under the Act of May 28, 1937, P. L. 955, sec. 5, 35 PS §1545(b), the Council of the City of Hazleton on July 11, 1961 adopted a resolution creating the "Housing Authority of the City of Hazleton" and directed that a certificate reciting the adop-

tion of such resolution be sent to the Department of State, the State Planning Board and to the Mayor.

Under that act, in cities of the third class, the mayor shall appoint two persons to be members of the housing authority and the governor shall appoint three persons.

Section 6, 35 PS §1546, provides:

". . . The members who are first appointed shall serve for terms of one, two, three, four, and five years, respectively, from the date of their appointment, as shall be specified at the time of their appointment. Thereafter the term of office shall be five years. . . ."

Mayor Capparell, on December 22, 1961, appointed Louis Schiavo to be a member for the term of five years, and J. Anthony Christopher to be a member for the term of four years from the twentieth day of December, 1961.

On April 3, 1962, Governor Lawrence appointed John J. Conahan for a term of three years; from April 3, 1962, Dr. Peter L. Saras for a term of two years from the said date and Rev. Brian Fetterman for a term of one year from the said date.

On February 15, 1963, the council and mayor adopted a resolution declaring that since Louis Schiavo was the first person appointed to the housing authority his term should have been limited to one year and that term having expired, a vacancy on the board resulted. They then proceeded to appoint Fred M. Tito to fill the vacancy for a term of five years "from the date said vacancy occurred by operation of law."

Plaintiff contends that he was properly and legally appointed for a term of five years, hence there was no vacancy to which Tito could be appointed.

Counsel for defendants contends that it was mandatory upon the mayor to appoint the first person named to a term of one year and the second person named to a term of two years. The governor would then appoint

the third, the fourth and fifth members for terms of three, four and five years.

Since the act does not specify who shall first appoint, if the governor had appointed first his appointees would be restricted to terms of one year, two years, and three years, under that theory.

We believe that it is immaterial who appoints first so long as the terms are staggered in compliance with the law.

Counsel devotes four and one-half pages to his argument that the word "respectively" governs and less than one-half page to a discussion of the clause following after the word "respectively", to wit, *as shall be specified at the time of their appointment.*" He would have us treat the emphasized clause as a complete nullity and of no significance whatsoever. According to his contention, that clause might just as well have not been included in the carefully worded act, notwithstanding that we are admonished by long established and firmly entrenched rules of statutory construction that "every law shall be construed, if possible, to give effect to all its provisions" and that the legislature, in the enactment of a law, is to be presumed to have intended the entire statute to be effective and certain: Bowers v. Pa. Labor Relations Board, 402 Pa. 542.

As we see it, if the word "respectively" controls, there is no need for the following clause.

In the construction of a statute we are not permitted to take out of context a single word or a single clause. Counsel is trying to read into this section something which is not there.

The governor at the time of making his appointments certainly must have consulted his attorney general and must have been satisfied with the prior action of the mayor. In any event, the intention of the legislature has been carried out. The terms of the

various members of the board are staggered; there is one member appointed for one year, the second for two years, the third for three years, the fourth for four years and the fifth for five years. As we see it, it makes no difference that the appointments were made in inverse order as to years of the respective terms.

Counsel argues that because two later statutes do not contain the word "respectively," the intention of the legislature in the Housing Act was different. He points to the Municipal Authorities Act of May 2, 1945, P. L. 382, sec. 7, 53 PS §§301, 309, and to the Parking Authorities Law of June 5, 1947, P. L. 458, 53 PS §§341, 348.

The presence or absence of the word "respectively" and the following clause in the act does not in any way indicate any particular intention of the legislature other than the fact that it seeks staggered terms. This is evident from the Urban Redevelopment Law, Act of May 24, 1945, P. L. 991, 35 PS §1701, which is later than the Municipal Authorities Act to which he refers.

There is no merit to counsel's contention that the clause "as shall be specified at the time of their appointments," was inserted in the section by necessity because of the divided appointing power. The Milk Control Act of April 28, 1937, P. L. 417, sec. 201, 31 PS §700j-201, and the Turnpike Act of May 21, 1937, P. L. 774, sec. 4, 36 PS §652d, both contain the same clause and yet the appointing power was not divided.

Reading the section as a whole, we reach the following

### Conclusions of Law

1. The resolution adopted by the mayor and members of city council at a special meeting held February 15, 1963, attempting to appoint defendant, Fred M. Tito, to the purported vacancy on the Housing Authority Board in lieu and in place of plaintiff is illegal, void and of no effect.

2. The term of Louis Schiavo has not expired.

3. The term of Rev. Brian Fetterman expired on April 3, 1963.

And we enter the following

*Order*

Now, June 27, 1963, at 12 o'clock, p.m. (EDT),

1. Judgment is entered in favor of plaintiff, Louis Schiavo, against Joseph Conahan, Mayor of the City of Hazleton, Edmund Ferdinand, Wilbur Koch, Thomas Powell and Thomas Walker, Members of City Council of the City of Hazleton, and Fred M. Tito, individually and as a purported member of the Housing Authority Board of the City of Hazleton.

2. It is ordered that the Mayor of the City of Hazleton, Joseph Conahan, Edmund Ferdinand, Wilbur Koch, Thomas Powell and Thomas Walker, recognize plaintiff, Louis Schiavo, as a lawful member of the Housing Authority Board of said city; and,

3. It is further ordered that all of said persons be and they hereby are restrained from interfering with plaintiff in the exercise of his authority or prerogatives as a member of the Housing Authority Board, and that Fred M. Tito be and he is hereby restrained from attempting to exercise any of such authority or prerogative on his part.